UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.   **MEMORANDUM OF LAW & ORDER**
    Crim. No. 15-49 (MJD/FLN)

Hamza Naj Ahmed,

    Defendant.
_____

    John Docherty and Andrew Winter, Assistant United States Attorneys, Counsel for Plaintiff.

    Janeanne Murray, Counsel for Defendant.
_____

**I.    Introduction**

    This matter is before the Court on the Defendant's Motion to Review the Detention Order of Magistrate Judge Steven Rau dated February 19, 2015 [Doc. No. 11]. The Court has conducted a de novo review of the proceedings before Magistrate Judge Rau. The Court has also reviewed the parties' submissions on appeal and heard arguments of counsel.

    At the time of the detention hearing, the Defendant had been charged by Complaint with Making False Statements in violation of 18 U.S.C. § 1001. He was

1

thereafter indicted on February 19, 2015, and charged with Conspiracy to Provide Material Support to a Designated Terrorist Organization and Attempt to Provide Material Support to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B(a)(1) and Section 2, and Making a False Statement in violation of 18 U.S.C. § 1001(a)(2).

## II.  Standard

A defendant may be detained pending trial if the Court finds that there is no "condition or combination of conditions . . . [that] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Because the Defendant has been charged by Indictment for violations of § 2339B, there is a presumption for detention.  See 18 U.S.C. § 3142 (e)(3)(C) (providing that subject to rebuttal, it shall be presumed there is no condition or combination of conditions to assure the appearance of defendant or the safety of the community where defendant is charged with a crime under § 2332b(g)(5)(B)).

The existence of this presumption places upon the Defendant the "limited burden of production - not a burden of persuasion - to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a

risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003)(quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).

Detention is appropriate where the government proves by clear and convincing evidence that the Defendant is a danger to others or to the community, or when the government proves by a preponderance of the evidence that the Defendant is a risk of flight, and that in either case, there are no conditions or combination of conditions that will assure the safety of the community or the Defendant's appearance at future court proceedings.

In making this determination, the Court must take into account the following factors:

> (1) The nature and circumstances of the offense charged, including the fact that the crime charged is an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the

>person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### A. Nature and Circumstances of Crime Charged

The Defendant acknowledges that he has the burden to produce evidence to rebut the presumption of detention. In an attempt to meet this burden, the Defendant first argues there are mitigating factors relating to the particular circumstances of these charges. For example, there is no evidence that the Defendant has engaged in any violence or advocated violence, and the government has not indicated how the Defendant personally would assist ISIL. The Defendant further argues his youth is a mitigating factor, and there is now a wealth of developmental psychology and neuroscience research which indicates that young adults lack maturity and are susceptible to peer pressure. Another mitigating factor is that after the Defendant's travel from New York was thwarted, he never made any further attempts to travel overseas again.

The Court finds that the crimes charged in the Indictment weigh in favor of

detention. He is charged with conspiring to provide material support to ISIL, an organization whose brutality is shocking even by the standards of terrorism. The Defendant came close to leaving this country, and joining ISIL, an organization that the Defendant supported, and for which he tweeted that he was willing to die in a martyrdom operation.

### B.     Weight of the Evidence

As set forth in the sworn Complaint, on or about November 8, 2014, law enforcement learned that four individuals from Minnesota were scheduled to leave JFK airport, one of which was the Defendant. The Defendant was booked on the same flight as Mohamed Farah - who has been charged by Complaint in a separate action with conspiracy to provide material support to a terrorist organization - to Istanbul, Turkey. From Istanbul, the Defendant had a ticket to travel to Madrid, Spain. The Defendant had boarded the flight, but was later escorted off the plane when law enforcement identified him. The Defendant was then interviewed by FBI agents at the airport.

The Defendant told agents he was traveling alone. He denied knowing M. Farah and one of Farah's co-defendants, Hanad Musse. The Defendant was asked about another individual who had successfully traveled to Syria, and the

Defendant admitted that he knew of the individual from his high school.

After he returned to Minnesota, the Defendant was again questioned by FBI agents. During this interview, the Defendant stated he was going to vacation alone in Madrid, and that he did not have any hotel reservations in Madrid, or know anyone that lived in Madrid. The Defendant again told agents he heard rumors of an individual that he went to high school with that had gone to Syria. But on reviewing the Defendant's twitter account, agents discovered a series of messages between the Defendant and this individual once the individual was overseas.

Although the Defendant stated he saw M. Farah on the bus to New York, he denied that he was traveling with him. Video footage from the bus station in Minneapolis, however, shows the Defendant and M. Farah arriving together, walking together to check-in and then sitting at a table together for 30 minutes prior to the bus leaving. Agents further determined that the Defendant and M. Farah purchased their bus tickets online from the same IP address.

The Defendant argues that the weight of the evidence is weak. There is no evidence that the Defendant was acting or planning to act under the control of ISIL or in some managerial capacity with respect to ISIL. The Defendant further

argues that such evidence is required to obtain a conviction under § 2339B(h) - providing personnel to a terror organization- there must be a nexus between the Defendant's conduct and the master/servant limitations of § 2339B(h). A few public tweets with someone allegedly known to be in Syria do not constitute evidence of intent to provide material support in the form of personnel. In addition, a handful of tweets indicating support for a Caliphate, however unpopular, are protected by the First Amendment. The Court finds, however, that these arguments do not weigh in support of his release.

> The relevant statute provides:
>
> Provision of Personnel – No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 U.S.C. § 2339B(h).

As this statutory provision makes clear, a person who conspires to provide 1 or more personnel to a foreign terrorist organization violates the statute if he

does so knowingly.  In addition, only individuals who act <u>entirely</u> independently of a terrorist organization may avoid prosecution under this section.  <u>See</u> <u>United States v. Farhane</u>, 634 F.3d 127, 136 (2d Cir. 2011).  There is no requirement that the recruitment or transportation of personnel be done at the terrorist organization's direction or control, only that the personnel provided to the organization eventually acts under that organization's direction or control.  <u>See</u> <u>Holder v. Humanitarian Law Project</u>, 561 U.S. 16-17 (2010) (holding that "Congress plainly spoke to the necessary mental state for a violation § 2339B, and it chose knowledge about the organization's connection to terrorism, not specific intent to further the organization's terrorist activities.")

In addition, while the Defendant may enjoy rights under the First Amendment, those rights are not infringed when the things he says are used as evidence against him.  <u>Wisconsin v. Mitchell</u>, 508 U.S. 476, 489 (1993) ("The First Amendment, moreover, does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent."); <u>United States v. Abdel Rahman</u>, 189 F.3d 88, 118 (2d Cir. 1999) (finding that in terrorism prosecution, although a defendant may not be prosecuted for expressing hostility against the United States, his statements may nonetheless be used against him

when relevant to prove a pertinent fact in a criminal prosecution). Here, the Defendant is being prosecuted for conspiracy to provide material support to a foreign terrorist organization and providing false statements. The government could use the Defendant's comments on twitter as evidence of intent or motive.

Accordingly, the Court finds the weight of the evidence supports a finding of detention. Not only did the Defendant attempt to travel overseas to join a violent terrorist organization, he may have been in direct communications with persons involved with such organization.

### C. Defendant's History and Characteristics

The Defendant has lived in the United States almost his entire life and was attending college at MCTC at the time of his arrest. He resided with his mother and three younger siblings in Savage, Minnesota. He has a good relationship with both parents.

### D. Harm to the Community

After the Defendant was denied travel in November 2014, his parents took his passport and spoke willingly with law enforcement. Because he has no passport and he is on the no-fly list, he is not a flight risk. While in custody, he has focused on using his time productively, and has agreed to engage with

community leaders.

The Court finds that the Defendant poses a risk of harm to the community. He is charged with attempting to join the most violent terrorist organization, ISIL. If he were to succeed, there is harm to the immediate Minnesota community, as the record demonstrates when young men successfully travel and join a terrorist organization, they tend to reach back to Minnesota through social media to recruit other young men.

The Court also finds there would be harm to the wider community - that of civilians in the Middle East - if the Defendant succeeds in his ambition to travel to Syria and join ISIL.

Finally, there is evidence in the record which indicates the Defendant poses a flight risk. Part of the offense conduct in this case involves the Defendant's attempt to travel overseas to join a terrorist organization and that he lied to FBI agents after he was ordered from an airplane traveling to Istanbul, Turkey in November 2014.

### III.   Conclusion

Based on the file, record and proceedings herein, the Court finds that the Defendant has not presented sufficient evidence to rebut the presumption in

favor of detention. The Court further finds that there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released, and that a preponderance of the evidence demonstrates that the Defendant is a flight risk.

IT IS HEREBY ORDERED that the Defendant's Motion to Appeal his Detention Order and his Motion for Bail [Doc. No. 39] is **DENIED**. The Defendant shall remain in the custody of the U.S. Marshal pending further Order from this Court.

Date: May 15, 2015

s/ Michael J. Davis  
Michael J. Davis  
Chief Judge  
United States District Court
