UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                     **MEMORANDUM OF LAW & ORDER**

Crim. No. 15-49 (MJD/FLN)

Hamza Naj Ahmed (01),
Mohamed Abdihamid Farah (02),
Adnan Abdihamid Farah (03),
Abdirahman Yasin Daud (04),
Zacharia Yusuf Abdurahman (05),
Hanad Mustofe Musse (06), and
Guled Ali Omar (07),

    Defendants.
_____

    John Docherty and Andrew Winter, Assistant United States Attorneys, Counsel for Plaintiff.

    Janeanne Murray, Murray Law LLC, Counsel for Defendant Hamza Ahmed.

    Murad M. Mohamud, Murad Defense P.A., Counsel for Defendant Mohamed Farah.

    Paul Engh, Paul Engh Law Office, Counsel for Defendant Adnan Farah.

    Bruce D. Nestor, De Leon & Nestor, LLC, Counsel for Defendant Abdirahman Daud.

    Jon M. Hopeman and Marnie E. Fearon, Felhaber Larson, Counsel for Defendant Zacharia Abdurahman.

1

Andrew S. Birrell, Paul C. Dworak, and Ian S. Birrell, Gaskins Bennett Birrell Schupp, LLP, Counsel for Defendant Hanad Musse.

Glenn P. Bruder, Mitchell, Bruder & Johnson, Counsel for Defendant Guled Omar.

_____

**This matter is before the Court on the defendants' various pretrial motions. The Court has reviewed all of the pretrial motions, but will decide the motions addressed herein on the papers. The remaining motions will be addressed at the hearing scheduled for September 2, 2015.**

## I. Introduction and Summary of Decision

Before the Court are the defendants' motions to dismiss certain counts in the Superseding Indictment. As set forth below, the resolution of these motions requires the Court to consider the charged conduct. With respect to counts one through four - conspiring to provide and attempting to provide material support in the form of personnel to ISIL, a designated foreign terrorist organization, knowing ISIL has been so designated and knowing that ISIL had engaged and was engaging in terrorist activity. With respect to counts seven and eight - using financial aid funds to buy plane tickets to join ISIL. The conduct charged under these counts is clearly proscribed by statute and Defendants' arguments

regarding various scenarios not alleged – such as a hypothetical indictment charging hypothetical defendants with conspiring to provide material support to a designated foreign terrorist organization simply by deciding to visit Syria – are not relevant here.

II. **Defendants' Joint Motion to Dismiss Counts in the Superseding Indictment and Inspect Grand Jury Minutes [Doc. No. 199].**

Defendants move to dismiss counts one through four of the Superseding Indictment as failing to allege an essential element of the crimes charged under 18 U.S.C. § 2339B. Specifically, defendants argue that the Superseding Indictment charges them with conspiracy to provide material support and attempt to provide material support to a designated foreign terrorist organization, ISIL. The Superseding Indictment further specifies that the form of material support defendants allegedly conspired or attempted to provide to ISIL was personnel.

With respect to "personnel" the material support statute provides:

No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist

3

> organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

18 U.S.C. § 2339B(h).

Defendants argue that this subsection adds the requirement that the government prove a nexus between the accused's intended or actual activities and the designated terror organization. The absence of a reference to the defendants conspiring or attempting to provide material support at the direction or under the control of ISIL, or as managers or directors of ISIL, renders the material support counts fatally infirm.

The government responds that the defendants' claimed element of the offense is instead a statutory exception to the crime defined in § 2339B, and is therefore an affirmative defense rather than an element that must be alleged in an indictment.

It is settled law that an "indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it." McKelvey v. United States, 260 U.S. 353, 357 (1922); see also United States v. Sisson, 399 U.S. 267, 288

4

(1970). The Eighth Circuit has repeatedly held that an indictment need not be dismissed because there were no allegations concerning affirmative defenses or statutory exceptions. See, e.g., United States v. Stanko, 491 F.3d 408, 412 (8th Cir. 2007); Bistram v. United States, 237 F.2d 243, 245 (8th Cir. 1956).

To determine whether an exception to a crime is an element of the offense or an affirmative defense, the court should look to the language and structure of the statute, the legislative history and whether the defendant or the government is better situated to adduce evidence tending to prove or disprove the applicability of the exception. See United States v. McArthur, 108 F.3d 1350, 1353 (11th Cir. 1997).

The crime of providing material support to a designated terrorist organization is defined in subsection (a) as follows:

> Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 20 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined in section 212(a)(3)(B) of the Immigration and Nationality Act), or that the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

"Material support" includes "personnel (1 or more individuals who may be or include oneself) . . . " 18 U.S.C. § 2339B(g)(1). As noted above, "personnel" is further defined in subsection (h).

As is clear from the plain language of the statute, the crime of providing material support to a foreign terrorist organization is fully set forth in subsection (a). The narrowing definitions of material support and personnel were added to the statute to further clarify the statute's scope. Holder v. Humanitarian Law Project, 561 U.S. 1, 20 (2010). "[A] narrow proviso to a more general statutory offense is more likely to be an affirmative defense than an element of the offense." McArthur, 108 F.3d at 1353.

In addition, where Congress explicitly added an exception to the statute, it did so be stating "No person may be prosecuted under this section . . . " 18 U.S.C. § 2339B(j). The narrowing definition of "personnel" also begins with the language "No person shall be prosecuted under this section . . . " Accordingly, the Court finds that the language and the structure of § 2339B supports a finding that the narrowing definition of personnel is an affirmative defense rather than an element of the crime.

Defendants argue the legislative history also demonstrates that the

6

addition of subsection (h) was critical to clarifying the meaning of § 2339B. The Court finds, however, the fact that the subsection was intended to clarify the scope of § 2339B weighs in favor of a finding that the additional statutory language created an exception to the offense, rather than an element of the offense. Defendants do not cite to any portion of the legislative history that specifically supports their argument that subsection (h) was intended to add an element to an offense under § 2339B.

Finally, the Court finds that because defendants are better situated to adduce evidence tending to prove or disprove whether they were acting independently of ISIL, the exception should be considered an affirmative defense, rather than an element of the crime.

Based on the above, the Court finds that whether or not a defendant intended to work under ISIL's direction or control or to organize, manage, supervise, or otherwise direct the operation of ISIL is an affirmative defense and not an element of a crime charged under § 2339B(a). **Accordingly, the defendants' motion to dismiss counts one through four as failing to plead an element of the crime charged will be denied.**

Defendants next argue that the government should be ordered to produce

grand jury minutes for inspection to determine whether the evidence presented in that proceeding and the instructions given to the grand jury conform to the limiting definition set forth in subsection (h).

> The determination of whether to disclose grand jury materials under Rule 6(e) is committed to the "substantial discretion" of the district court which must "weigh carefully the competing interests in light of the relevant circumstances and the standards." The district court's decision is subject to reversal only if that discretion has been abused.
>
> The requisite showing of particularized need varies with the circumstances of each case. The Supreme Court noted, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification."

In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 306 (8th Cir. 1988) (internal citations omitted).

Because the Court has rejected defendants' argument that the narrowing definition of personnel adds an element to the offenses charged under § 2339B(a), defendants have failed to make the requisite showing of a particularized need. **Accordingly, this motion will also be denied.**

**III. Defendants' Joint Motion to Dismiss the Material Support Counts on Grounds of Unconstitutional Overbreadth and Vagueness [Doc. Nos. 201 and 210]**

Defendants also move to dismiss counts one through four of the

Superseding Indictment on the grounds that the statute is unconstitutionally broad as it captures protected activity, and that the statute is void for vagueness because it fails to give sufficient notice of the actual conduct that is prohibited, or that it permits arbitrary or selective enforcement.

**A.  Standard**

> A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." We consider whether a statute is vague as applied to the particular facts at issue, for "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.

Holder, 561 U.S. at 18 (internal citations omitted).

A statute may be unconstitutionally broad "if it prohibits a substantial amount of protected speech." United States v. Williams, 553 U.S. 285, 292 (2008). The court should not invalidate a statute under this doctrine unless its overbreadth "is substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." Id.

**1.  "Engage in Terrorist Activity"**

**a.  Overbroad**

Defendants argue that the term "engage in terrorist activity[1]" is overbroad because it penalizes independent advocacy and mere membership in a terrorist organization. Specifically, defendants argue that in <u>Holder</u> the Supreme Court made clear that independent advocacy and mere membership in a terrorist organization are protected activities under the First Amendment. The defendants argue that the material support statute criminalizes the mere solicitation of funds and of members for a terrorist organization and in addition, requires the defendant to show by clear and convincing evidence that he did not know and should not reasonably have known that the organization was a terrorist organization. The defendants argue that not only does the material support statute criminalize free speech, it subverts the presumption of innocence.

In <u>Holder</u>, the Supreme Court held that the material support statute does not prohibit mere membership in a terrorist organization, it prohibits "the act of giving material support." <u>Id.</u> 561 U.S. at 39. The Court thus agrees with the government that in <u>Holder,</u> the Supreme Court drew a distinction between independent advocacy or passive membership on the one hand, and active conduct on behalf of the terrorist organization on the other. The former is not

---

[1]This term is defined in 8 U.S.C. § 1182 (a)(3)(B)(iv).

material support, the latter is. Thus, if a person is soliciting new members on behalf of a terrorist organization, that person is not a mere member; he is a recruiter involved in active conduct that is prohibited under the material support statute.

Because the scope of the material support statute involves conduct, defendants have not demonstrated that the statute substantially infringes on protected activity. To the extent that defendants challenge the use of their statements against them, it is settled law that a defendant's rights to free speech are not abridged when their statements are used against them. Wisconsin v. Mitchell, 508 U.S. 476, 489 (1993).

### b. Void for Vagueness

Defendants also argue that the term "engage in terrorist activity" is constitutionally vague because it fails to give adequate notice of what is prohibited and allows for arbitrary and selective enforcement. Defendants argue the term is not limited to politically motivated acts, and includes conduct that may be illegal in the United States but not in the country where the conduct is performed. Further, it does not exclude acts performed as a recruit in a country's military in the time of war, or allow a defendant to rely on self-defense.

Because vagueness challenges are analyzed on an "as applied" basis, the Court must analyze this challenge based on the charged conduct of the defendants. Here, the defendants are charged with conspiring to provide and attempting to provide material support to ISIL in the form of personnel - by traveling to Syria to join and fight for ISIL. Such conduct is clearly proscribed by § 2339B. See United States v. Omar, 786 F.3d 1104 (8th Cir. 2015). **Accordingly, the Court rejects defendants' claim that "engage in terrorist activity" is unconstitutionally vague.**

2. "Terrorism"

Defendants argue that the definition of terrorism is also unconstitutionally vague as applied to efforts to join ISIL. Defendants argue that the Foreign Relations Authorization Act defines the term as "premeditated, politically motivated violence against noncombatant targets by subnational groups or clandestine agents." 22 U.S.C. § 2656f(d)(2). Defendants assert the problem with this definition, as applied to ISIL, is that there is ambiguity and vagueness as to ISIL's status, as ISIL has proclaimed itself as a sovereign state, it controls territory and possesses a conventional army. Defendants thus argue that it is more akin to a nation state than a subnation group.

The United States has not recognized ISIL as a nation state. It has designated ISIL as a foreign terrorist organization. The Eighth Circuit recently held that a defendant may not challenge the validity of the Secretary of State's designation of a foreign terrorist organization. <u>United States v. Ali</u>, __ F.3d __, 2015 WL 5011433, at * (8th Cir. 2015). **Accordingly, defendants' arguments as to ISIL's status are completely without merit.** In the context of the material support statute, what is relevant is whether the defendants knew that ISIL was a designated foreign terrorist organization or that ISIL had engaged and was engaging in terrorist activity. It is not necessary for the government to prove that the defendants had specific intent to further ISIL's terrorist activities. <u>Holder</u>, 561 U.S. at 16-17. **Accordingly, this vagueness challenge must be denied.**

### 3. "Material Support in the Form of Personnel"

Defendants argue the provision of material support in the form of personnel is vague when applied in the context of ISIL, based on their argument that ISIL possesses characteristics of a nation state. For the reasons stated above, this argument has no merit as defendants may not challenge the validity of the designation of ISIL as a foreign terrorist organization.

### IV. Defendants' Joint Motion to Dismiss Indictment - Free Exercise of

**Religion [Doc. Nos. 207 and 218]**

Defendants move the Court for an order dismissing the Superseding Indictment on the grounds that, as applied to defendants, the charges of providing personnel to a designated foreign terrorist organization violate their right to the free exercise of religion, as well as the express statutory prohibitions of § 2339B(h) and (i).

Defendants argue the Superseding Indictment broadly alleges that defendants sought to travel to Syria and to territory controlled by ISIL. The territory under the control of ISIL is within internationally recognized boundaries of Iraq and Syria and is claimed to constitute an Islamic Caliphate. ISIL leaders claim that it is a religious duty for Muslims to emigrate to reside in and/or help build their self-proclaimed Caliphate. Defendants further argue that regardless of one's opinion of ISIL, immigration - Hijrah- is a well founded principle of Islam which speaks to the migration or journey of Muhammad from Mecca to Yathrib, later renamed Medina.

Defendants argue the mere act of traveling to the Caliphate as proclaimed by ISIL does not satisfy the elements of the material support statute, as the statute specifically requires working under the direction or control of a designated

terrorist organization. And even if the foreign terrorist organization cannot be distinguished from the Caliphate, the United States has made clear that the material support statute does not criminalize mere membership in such an organization. Holder, 561 U.S. at 18.

"[A] law that is neutral and of general applicability need not be justified by a compelling government interest, even if the law has the incidental effect of burdening a particular religious practice." Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 531 (1993). The material support statute is religiously neutral, therefore any incidental effect it has on the free exercise of religion need not be justified by a compelling government interest. Nonetheless, the material support statute is justified by the compelling government interest in preventing the provision of material support to designated terrorist organizations. See Haig v. Agee, 453 U.S. 280, 307 (1981) (finding it is obvious and unarguable that no governmental interest is more compelling than the security of the Nation.)

In addition, the offense conduct charged involves more than mere travel to Syria. The charged offense conduct is that defendants sought to join ISIL and fight with ISIL. **Accordingly, the Court finds that defendants have not**

**demonstrated that § 2339B unconstitutionally infringes on their right to free exercise of religion.**

**V.    Defendants Motion to Dismiss Financial Aid Fraud Claims [Doc. Nos. 164 and 197]**

Counts 7 and 8 of the Superseding Indictment charge defendants Ahmed and Musse with defrauding the United States by using student loan money to buy a plane ticket in order to join ISIL in violation of 20 U.S.C. § 1097(a), which provides:

> Any person who knowingly and willfully embezzles, misapplies, steals, obtains by fraud, false statement, or forgery, or fails to refund any funds, assets, or property provided or insured under this subchapter and part C of subchapter I of chapter 34 of Title 42 or attempts to so embezzle, misapply, steal, obtain by fraud, false statement or forgery, or fail to refund any funds, assets, or property, shall be fined not more than $20,000 or imprisoned for not more than 5 years, or both, except if the amount so embezzled, misapplied, stolen, obtained by fraud, false statement, or forgery, or failed to be refunded does not exceed $200, then the fine shall not be more than $5,000 and imprisonment shall not exceed one year, or both.

Defendants argue that a review of the relevant case law demonstrates that this statute has not been used to charge a college student with using financial aid funds to buy a plane ticket. Instead, the typical case in which this statute has been used involved a school administrator or financial aid worker who created or

16

facilitated direct misrepresentations to the government for the purpose of defrauding the government. In this case, the government is using the statute to prosecute African-American Muslims, and not the hundreds of thousands of college kids that use financial aid to buy plane tickets for spring break every year. Defendants thus argue § 1097(a) is unconstitutionally vague.

### A. Void for Vagueness

Defendants argue that it is unclear what Congress intended to criminalize when it included "misapply" financial aid funds. Defendants further argue that "fails to refund" is also unclear because there are circumstances where a party has an obligation to refund student loan money - as when a student withdraws from classes and a refund is necessary. There are other circumstances where it is not clear, such as in this case.

When evaluating a statute for vagueness, the Court must look to whether the statute 1) gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited; and 2) provides minimal guidelines to govern law enforcement. United States v. Washam, 312 F.3d 926, 929 (8th Cir. 2002). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case

at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975).

Because defendants' challenge to § 1097(a) does not involve First Amendment freedoms, the Court examines the claim based on the charged conduct. When doing so, the court must consider whether the statute in question was unconstitutionally vague as to the particular conduct of the defendants and whether a person of common intelligence would reasonably understand the statute to proscribe the charged conduct. Id.

**As applied to the facts of this case, the Court finds that a person of common intelligence would reasonably understand that one could not use financial aid funds to purchase a plane ticket in order to commit a felony offense.**

### B. Selective Enforcement

To prove a claim of selective enforcement, defendants "must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." United States v. Armstrong, 517 U.S. 456, 465 (1996). To establish a discriminatory effect, defendants must show that similarly situated individuals of a different religion were not prosecuted. Id. When addressing such a claim, the court should be mindful of the broad

18

discretion given to prosecutors in carrying out their duty to enforce criminal laws. United States v. Leathers, 354 F.3d 955, 961 (8th Cir. 2004).

The Court finds that defendants have put forth no evidence that non-Somalis or non-Muslims used federal loan money to facilitate travel to join a foreign terrorist organization and have not been prosecuted. In addition, defendants have presented no evidence that race or religion played a role in the government's charging decision.

With respect to the claim of arbitrary enforcement, defendants argue that the use of financial aid to facilitate travel to join a terrorist organization is akin to buying a plane ticket to Dayton Beach on spring break, and that the government does not prosecute students for that conduct. **The Court rejects this argument out of hand, as using financial aid for the purpose of committing a crime cannot be compared to buying a plane ticket for vacation purposes**.

IT IS HEREBY ORDERED that:

1. Defendants' Joint Motion to Dismiss Counts in the Superseding Indictment and Inspect Grand Jury Minutes [Doc. No. 199] is **DENIED;**

2. Defendants' Joint Motions to Dismiss the Material Support Counts on Grounds of Unconstitutional Overbreadth and Vagueness [Doc. Nos. 201

and 210] are **DENIED**;

3.  Defendants' Joint Motions to Dismiss Indictment - Free Exercise of Religion [Doc. Nos. 207 and 218] are **DENIED**; and

4.  Defendants Motions to Dismiss Financial Aid Fraud Claims [Doc. Nos. 164 and 197] are **DENIED**.

Date: September 1, 2015

<u>s/Michael J. Davis</u><br>
Michael J. Davis<br>
United States District Court