UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Hamza Ahmed (01),

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 15-49 (MJD/FLN)

_____

    John Docherty, Assistant United States Attorney, Counsel for Plaintiff.

    JaneAnne Murray, Murray Law LLC, Counsel for Defendant.

    Mitchell A. Robinson, Law Office of Mitchell A. Robinson, Substitution Counsel for Defendant.

_____

Before the Court is Defendant Ahmed's Notice for Substitution of Counsel [Doc. No. 375] filed on March 16, 2016.

**A.**     **Summary of Decision**

**The Court will not allow the substitution of an attorney in this matter and at this late date who has been publicly reprimanded for ineffective assistance of counsel in a serious criminal matter, that resulted in his client serving nine years of a sentence that was later vacated.**

1

B.  **Substitution of Counsel**

Local Rule 83.7 for the District of Minnesota provides that a notice of withdrawal and substitution is effective upon filing if three prerequisites are met: 1) a notice of appearance by substituted counsel, who affirms that he represents the defendant and the names, addresses and signatures of the withdrawing attorney and substituted counsel; 2) the withdrawal and substitution will not delay the trial or other progress of the case; and 3) in a criminal case, the notice is filed 30 days prior to trial.

1.  **Standard**

A defendant does not have an absolute right to the counsel of his choice. United States v. Rodriguez, 612 F.3d 1049, 1054 (8th Cir. 2010). "Rather, justifiable dissatisfaction necessitating new counsel can arise from an irreconcilable conflict between the defendant and the attorney, a complete breakdown in their communications, or an actual conflict of interest resulting from continued representation." Id.

The "trial court has broad discretion in determining whether to grant or a request for substitution of counsel, particularly when the issue is raised close to the date of trial." United States v. Vallery, 108 F.3d 155, 157 (8th Cir. 1997).

> Only an unreasoning and arbitrary insistence upon expeditiousness in the face of a *justifiable* request for delay violates the right to assistance of counsel. Similarly, while an accused who is financially able to retain counsel of his own choosing must not be deprived of a reasonable opportunity to do so, the right to retain counsel of one's choice is not absolute. The right to choice of counsel must not obstruct orderly judicial procedure or deprive courts of their inherent power to control the administration of justice. If a defendant's attempted exercise of his choice is dilatory, the trial court can require him to proceed with designated counsel.

Id.

    **2.    Analysis**

At a hearing held on March 18, 2016, the Court inquired of the Defendant whether there existed an irreconcilable conflict between him and his current counsel, whether there was a complete breakdown in their communications, or an actual conflict of interest. The Defendant clearly responded that there were no conflicts or breakdown of communications between himself and JaneAnne Murray.

The Court also inquired as to whether substitution of counsel could result in a delay of the trial. Trial is scheduled to begin on May 9, 2016. Trial materials, including proposed voir dire, proposed jury instructions, witness and exhibit lists and motions in limine must be filed by April 4, 2016. Responses to motions in

limine are due April 11, 2016. A hearing on the motions in limine is scheduled for April 26, at 9:30 a.m.

Ms. Murray was appointed to represent the Defendant on February 6, 2015 pursuant to 18 U.S.C. § 3006A(a)(1). She has thus been representing the Defendant in this significant terrorism case for over one year. During that time she has reviewed the discovery that has been turned over in this case, which is vast. The government informed the Court that it has turned over, electronically, approximately 28,000 pages of documents and over 700 video files. In addition, the government is preparing additional discovery that will increase the page count to approximately 32,000 pages.

Mitchell Robinson has requested that he be substituted as counsel for Defendant Ahmed, replacing Ms. Murray. The Court inquired as to whether Mr. Robinson had the opportunity to review the discovery in this case. In response, Mr. Robinson indicated that he believed the facts were straightforward and that he didn't see it as an extraordinarily complicated case. He did not affirmatively state that he had reviewed all of the discovery.

The Court further inquired of Mr. Robinson whether he had experience trying complex criminal cases, and he was not able to provide any clear example

other than a criminal case he tried in 1999 that involved charges of conspiracy, false statements and false tax returns.

The Court also inquired of Mr. Robinson of whether he had informed the Defendant that he had recently been publicly reprimanded by the Minnesota Supreme Court for failing to competently and diligently represent and communicate with a client in a criminal matter and for failing to diligently represent and communicate with a client in an immigration matter. Mr. Robinson replied that he had not informed the Defendant of such fact. This causes the Court great concern as the Order issuing the public reprimand of Mr. Robinson issued by the Minnesota Supreme Court does not give the public notice of the severity of the underlying conduct.

The criminal matter upon which the disciplinary order is based involved a criminal case tried in the Western District of Texas. Mr. Robinson represented Maria Hernandez at her trial on multiple drug offenses, which resulted in guilty

verdicts for which she was sentenced to 204 months in prison.  Her habeas petition was later granted and a new trial ordered based on **ineffective assistance of counsel** in that Mr. Robinson had engaged in no pretrial preparation and conducted no investigation on behalf of his client.[1]  At the time she was granted habeas relief, Ms. Hernandez had already served nine years of her sentence.

Finally, the Court requested that Mr. Robinson submit the retainer agreement that was executed to provide representation for the Defendant.  The

---

[1] Briefly, the court found that Mr. Robinson had failed to conduct any investigation on behalf of his client prior to trial, and failed to put forth exculpatory evidence to show that multiple references to "Maria" in the government's case most likely referred to Ms. Hernandez' sister-in-law, whose name was also Maria and who lived at the same address, referred to as the Orosi property, as Ms. Hernandez.  In 2000, however, Ms. Hernandez and her husband moved from the Orosi property which was a key fact, as the government submitted evidence at trial of a package mailed to "Maria" at the Orosi property in July 2001 from a co-defendant.  Not only did Mr. Robinson fail to put into evidence that Ms. Hernandez and her husband moved in 2000, he stipulated to the fact that his client lived at the Orosi property from 1992 forward.  Based on this failure and others, the court found that Mr. Robinson's "deficient performance resulted in significant prejudice to Maria Hernandez's case." Her convictions were vacated and she was granted a new trial. (United States v. Hernandez, Criminal No. 2:02-cr-00692 [Doc. No. 339] Order at 50.)

retainer agreement provides that for a flat fee, he would provide representation starting immediately, and continuing through the discovery process, arraignment, omnibus hearing, pretrial hearing and sentencing. The retainer agreement provides that the flat fee does not include trial fees. The Court thus questions whether Mr. Robinson planned to try this matter.[2]

In its over forty years working in the criminal justice system, this Court has repeatedly observed criminal defendants retain private attorneys that charge high fees and who have little or no experience, or have been disciplined by the courts. By this Order, the Court hopes to shed light on this issue and possibly convince others to carefully investigate the background of counsel before

---

[2]In a news report issued later, Mr. Robinson confirmed that the Defendant's family sought his representation because they were not eager for the case to go to trial, and that they hoped Mr. Robinson would negotiate a deal. mprnews.org/story/2016/03/18/isis-suspect-new-attorney. This Court further notes that in the Texas case that resulted in his public reprimand, Mr. Robinson admitted that he didn't believe it was necessary to conduct any pretrial investigation in that matter because "95 percent of their evidence came from . . . a fugitive, and the remainder of their case [he] believed was so weak [he] didn't believe the Government was going to proceed with trial." (United States v. Hernandez, Criminal No. 2:02-cr-00692 [Doc. No. 339] Order at 37.)

retaining their services.

Based on the above, the Court finds that withdrawal and substitution of Defendant's counsel will delay the trial or other progress of the case.

IT IS HEREBY ORDERED that the Notice of Attorney Appearance and Substitution [Doc. No. 375] is INEFFECTIVE and substitution will not be allowed. JaneAnne Murray shall continue as counsel for the Defendant.

Date: March 21, 2016

s/ Michael J. Davis  
Michael J. Davis  
United States District Court