UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
District Court File No. 15-49 (MJD/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAMZA NAJ AHMED (01), )<br>MOHAMED ABDIHAMID FARAH (02), )<br>ADNAN ABDIHAMID FARAH (03), )<br>ABDIRAHMAN YASIN DAUD (04), and )<br>GULED ALI OMAR (07), )<br>)<br>Defendants. ) | **GOVERNMENT'S COMBINED RESPONSE TO DEFENDANTS' FILINGS RESPONDING TO GOVERNMENT MOTION FOR AN INQUIRY** |

On Tuesday, March 29, the Government filed, in compliance with an order of this Court, its Motion for an Inquiry. The Motion was precipitated by the government's stated intention to introduce evidence at trial that a law clerk, Hassan Jami, who works for P. Chinedu Nwaneri, one of defendant Mohamed Farah's lawyers, had taught a prosecution witness how to pray on a battlefield. The defendants have now responded to the Government's Motion for an Inquiry. To those responses, the government states the following:

Two of the defendants (Guled Ali Omar, represented by Glenn Bruder, Esq. and Hamza Ahmed, represented by JaneAnne Murray, Esq.) have responded by suggesting that the problem can be solved by simply asking the Court not to allow mention of the government's proffered evidence, or by allowing the evidence to come in, but without naming any particular person as the source of that evidence. Defendant Mohamed

1

Farah's other lawyer, Murad Mohammed, Esq., varies slightly from that pattern by stating first that the government's proffered evidence is benign, but then goes on to ask the Court not to allow mention of the evidence at trial. Defendant Abdirahman Daud seeks severance on the grounds that the publicity surrounding this matter has prejudiced him. P. Chinedu Nwaneri, Esq., who is the employer of Hassan Jami, in his separate response on behalf of Mohamed Farah, seeks dismissal of the government's Motion for an Inquiry on the grounds of ambiguity, and suggests that the government is talking about the wrong Hassan Jami.[1] Jon Hopeman, Esq., an attorney who represents Zachariah Abdurahman (who pleaded guilty on September 17, 2015) has filed a sworn declaration describing Mr. Jami's efforts to influence Mr. Hopeman's client through Mr. Hopeman's client's parents. Mr. Hopeman's declaration describes, in its final paragraph, a meeting at which Mr. Jami, accompanied by the father of defendants Adnan Farah and Mohamed Farah, attempted to persuade Mr. Hopeman's client's father to influence his son not to plead guilty.

None of the defense responses come to terms with the central issue, which is the conflict of interest posed by Mr. Nwaneri's law clerk potentially becoming a defense trial witness through whose testimony the defense would seek to rebut the prosecution

---

[1] The government has attached to this responsive pleading a true and correct copy of a public post made to Mr. Jami's Facebook page, in which he states that he is a member of the defense team and that although he does not remember speaking to this particular prosecution witness, he would see nothing wrong in giving instruction about how to pray on a battlefield. It would seem, therefore, that the government has the right Hassan Jami in mind after all. We are aware of the question of the correct spelling of Mr. Jami's name, and for purposes of this pleading, at least, will stick with the spelling we used earlier.

witness's testimony about Mr. Jami.  That the testimony proffered by the government is admissible is not contested by any of the defense attorneys; nor do any of the defense pleadings make any reference to Fed. R. Evid. 403.  In addition, probably because of the timing of the declaration and the filings, none of the defense attorneys mention the potential Minn. R. Prof. Conduct 4.2 issue presented by Mr. Hopeman's declaration.

Given that there is a conflict of interest between Mr. Jami and the client represented by the lawyer for whom Mr. Jami works, simply ignoring the problem, or instructing trial participants not to talk about the problem, as suggested by several of the defense attorneys, is not an alternative.  The integrity of the district court proceedings, and the security of any convictions that may result from trial when reviewed on appeal or on *habeas* review against an assertion of ineffective assistance of counsel, are at issue.  This is so even though Mr. Jami is not a member of the bar, as he is a member of the defense team.

There is also the issue now before the Court of a potential Rule 4.2 issue.  Given the contents of Mr. Hopeman's declaration, and the consequent need to learn the full extent to which Mr. Jami has contacted other defendants, or their parents, the government respectfully asks that at Friday's hearing the Court inquire of *all* counsel whether Mr. Jami has had direct or indirect contact with their clients.

It may be possible, given that attorney Murad Mohamed is not in the same law firm as Hassan Jami, for Mr. Mohamed to continue as counsel for Mohamed Farah.  That could only be done, the government submits, following a detailed factual inquiry from the court about whether attorney Murad Mohamed exercises any supervisory

responsibility over Mr. Hassan Jami, and whether attorney Mohamed was aware of Mr. Jami's contacts with co-defendants and their families.

Dated:   March 31, 2016                    Respectfully Submitted,

                                                                      ANDREW M. LUGER
United States Attorney

s/ John Docherty

BY:   JOHN DOCHERTY
Assistant United States Attorney
Attorney Reg. No. 017516X


s/ Andrew R. Winter

BY:   ANDREW R. WINTER
Assistant United States Attorney
Attorney Reg. No. 232530